# JOANNE M. DWYER
ATTORNEY AT LAW
225 BROADWAY, 41st FLOOR
NEW YORK, NEW YORK 10007

TEL: (212) 233-0591
FAX: (212) 732-8667

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/7/08

April 3, 2008

By Fax: (212) 805-7941

The Hon. Loretta A. Preska
United States District Judge, SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: <u>Samuel Figueroa v. City of New York, et al. 07 CV 11333 (LAP)</u>

Your Honor:

I am writing in response to the letter by counsel for the defendant City of New York, Mark Zuckerman, dated April 3, 2008. Mr. Zuckerman correctly states that the complaint indicates the date of December 14, 2007 as the filing date. However, the time-stamp on the civil cover sheet filed along with the summons and complaint indicates that it was stamped at December, 14, 2008 at precisely 12:00 midnight. The summons and complaint were also stamped with the same time.

Although I agree with Mr. Zuckerman that the lateness of the filing is inexplicable, it is nonetheless timely. New York State General Construction Law § 19 states: "A calendar day includes the time from midnight to midnight. Sunday or any day of the week specifically mentioned means a calendar day."

There are many New York State cases and New York Attorney General Opinions that support the time construction set forth above. See, e.g., <u>Matter of Schneider v. Rockefeller</u>, 31 N.Y.2d 420, at 436, fn 7 (1972); <u>American Transit Ins. Co. v. Wilford</u>, 296 A.D.2d 350 (1st Dept. 2002), <u>Biggs v. Geneva</u>, 90 N.Y.S. 858 (4th Dept. 1904); <u>Connecticut Nat. Bank v. Bayles</u>, 17 A.D.d 596 (1897); <u>Matter of Korman v. Strohm</u>, 45 Misc.2d 34 (1989); <u>Izzo v. Hoth</u>, 2005 Slip Op 51051 (2nd Dept. 2005), N.Y. Atty Gen. Opn. No. 2001-F2 (Oct. 12, 2001). United States Southern District Judge Haigh in <u>Petersen v. Federated Development Co.</u>, 416 F. Supp. 466, 475 (June 15, 1976) also followed this construction, noting that this general rule has been recently applied to the computation of time under the statute of limitations provision of the 1934 Act (Section 13). <u>Morse v. Peat, Marwick & Mitchell</u>, [Current] CCH Fed.Sec.L.Rep. ¶ 95,092 (S.D.N.Y., April 5, 1976). [fn8].

The records are available in logbooks maintained on Rikers Island. I am willing to go to the site for discovery and inspection and copying if that makes the process easier for the New York City Department of Correction. The New York City Department of Correction Legal Department has already received the complaint and have expressed, as they must, willingness to comply with this Court's orders. This was a case that was investigated by the Gang Intelligence Unit, by whatever name now known, as well as the Bronx District Attorney's Office.

Accordingly, I respectfully request that the Court not conclude that the statute of limitations period has run based upon the date of December 14, 2004, and that the Court hold a conference or otherwise allow me to prepare a subpoena or Order from the Court, directing that the New York City Department of Correction identify the officers and captains working on 17 West Upper of the Anna M. Kross Center (AMKC) on the A and B sides on December 13, 2004, from the 7:00 a.m. to 3:00 p.m. and the 3:00 p.m. to 11:00 p.m. tour, as well as the officers and captains for these tours from December 12, 2004 through December 24, 2004. The same floor logbook should have all this information readily accessible.

Thank you for consideration of plaintiff's request.

Very truly yours,

Joanne M. Dwyer (JD-9852)
Attorney for Plaintiff Samuel Figueroa

Cc: Mark Zuckerman, ACC
Fax: 212-788-9776

Having reviewed (attached) Mr. Zuckerman's April 3 letter Counsel for the City shall inform the Court of Defendants' position on Plaintiff's argument that the action is timely because of the midnight time stamp

April 7, 2008

SO ORDERED

Loretta A. Preska
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MARK ZUCKERMAN
*Senior Counsel*
Tel. (212) 442-8248
Fax (212) 788-9776
mzuckerm@law.nyc.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/7/08

April 3, 2008

**BY FACSIMILE (212) 805-7941**
Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *Samuel Figueroa v. City of New York, et al.*
          07 CV 11333 (LAP)(FM)

Your Honor:

      I represent defendant City of New York in the above-referenced matter. Plaintiff alleges in his complaint that he was assaulted by another inmate while incarcerated and that defendants are liable for his alleged injuries. According to his complaint, he was assaulted on December 13, 2004. Plaintiff's complaint was inexplicably filed in this Court on December 14, 2007 and the court file so reflects. Plaintiff's complaint is therefore barred by the three year statute of limitations for matters brought pursuant to 42 U.S.C. § 1983. Owens v. Okure, 488 U.S. 235 (1989). Defendant City of New York, the only defendant as yet purportedly served, will be making a motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, based thereon. Because the action is time barred, the 120 day grace period for serving defendants is moot.

      After filing a complaint that is time barred, plaintiff's counsel also inexplicably waited over three months to serve defendant City. Now, with the "120 day" period rapidly approaching, plaintiff's counsel desires defendant to investigate a complaint from over three years ago, of which defendant had no prior knowledge, so that defendants may be served within the 120 period as mandated by Rule 4(m), Federal Rule of Civil Procedure. Plaintiff's counsel knew of the issue she raises concerning the identity of defendants at the time that this complaint was filed, and probably well before. Given the extreme dilatory nature of plaintiff's prosecution of this lawsuit to this point, it would be extremely unfair to order defendant to investigate this

matter in such a short period of time to accommodate counsel's dilatory conduct. Despite these issues, defendant has already begun the process of investigating the complaint even while preparing its motion to dismiss on statute of limitations grounds.

Under the circumstances set forth above, defendant requests that its motion for dismissal be filed and considered before additional disclosure is made. Defendant suggests that the remainder of the "120 period" be stayed while the motion is decided by the Court. In that event, neither party would be prejudiced.

Thank you for your consideration herein.

Respectfully submitted,

Mark Zuckerman
Senior Counsel

cc: Joanne Dwyer, Esq. (via facsimile)

2