UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

SAMUEL FIGUEROA,

                                          Plaintiff,

                    -against-

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTION OFFICER F/N/U
SANCHEZ and NEW YORK CITY DEPARTMENT OF
CORRECTION OFFICER JANE DOE  I and NYC
DEPARTMENT OF CORRECTION OFFICERS JOHN
DOES (1-5) and JANE DOES (2-5), CAPTAIN JANE
DOE (1-5) and CAPTAIN JOHN DOE (1-5), each
individually and in their official capacities as Correction
Officers, and PRISONER HEALTH CARE SERVICES,

                                          Defendants.

------------------------------------------------------------------------- x

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION
TO DISMISS**

07 Civ. 11333 (LAP)

## PRELIMINARY STATEMENT

Defendant City of New York respectfully submits its Memorandum of Law in support of its motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.  Defendant's motion must be granted because plaintiff's complaint was filed more than 3 years after plaintiff was allegedly assaulted while incarcerated, the claim that is the underpinning of plaintiff's complaint.

## STATEMENT OF FACTS

Plaintiff Samuel Figueroa alleges that on December 13, 2004, he was a pre-trial detainee at Riker's Island.  (Exhibit A to Declaration of Mark D. Zuckerman, Complaint, ¶ 13) He alleges that, while in the dayroom on December 13, 2004, he was assaulted by a fellow prisoner, punched in the face, kicked and punched.  (Complaint, ¶¶34 and 37)  He claims that he

lost consciousness briefly and was bloodied.   (Complaint, ¶¶ 36 and 38)   He alleges that defendants failed to prevent the assault, intervene and provide him medical attention for injuries sustained when he was attacked.   (Complaint, ¶¶ 55, 63-65)   He alleges that his Fourth, Eighth and Fourteenth Amendment rights were violated by defendants as a result of the assault that allegedly occurred on December 13, 2004.   (Complaint, ¶ 69)   Each of plaintiff's causes of action are brought pursuant to 42 U.S.C. § 1983.   (Complaint)   Plaintiff's complaint was filed on December 14, 2007.   (Exhibits A and B to Zuckerman Declaration)

## ARGUMENT

## POINT I

### PLAINTIFF'S COMPLAINT IS BARRED BY THE THREE YEAR STATUTE OF LIMITATIONS

To survive dismissal upon a motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly,  127 S. Ct. 1955, 1965 (2007). Therefore, a motion to dismiss should be granted where a complaint fails to plead enough facts to state a claim that is plausible on its face.   The factual allegations of the complaint must be more than speculative, and show the grounds on which a plaintiff is entitled to relief beyond "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 1964-65.

It is well established that the statute of limitations applicable to actions brought pursuant to 42 U.S.C. § 1983 claims is three years.   Owens v. Okure, 488 U.S. 235 (1989).   A Section 1983 claim accrues at the time that a plaintiff knows, or has reason to know, of the injury that is the basis of his action.   Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994); Cullen v.

Margiotta, 811 F.2d 698, 725 (2d. Cir. 1987); Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980), cert. denied, 450 U.S. 920 (1981). "The crucial time for accrual purposes is when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action." Singleton, 632 F.2d at 192; see also Cruz v. City of New York, 02 Civ. 8672 (LAP), 2007 U.S. Dist. LEXIS 30682, at *11 (S.D.N.Y. Apr. 23, 2007)(limitations period for § 1983 suit that arose out of events of August 1, 2002 expired on August 1, 2005).

As seen, plaintiff alleges that he was assaulted on December 13, 2004. His cause of action against defendants accrued on that day. He therefore had until December 13, 2007 to file his complaint. "A civil action is commenced by filing a complaint with the court." Greenwood v. New York, 842 F.2d 636, 638 (2d Cir. 1988) (quoting Fed R. Civ. P. 3). Rule 5(e) of the Federal Rules of Civil Procedure defines filing a complaint with the court as "filing . . . with the clerk of the court." Greenwood, 842 F.2d at 638 (quoting Fed R. Civ. P. 5(e)). The date and time of the filing in a night depository is determined by the date and time stamped thereon. Greenwood, 842 F.2d at 639; see also Local Civil Rule 1.2 ("After regular business hours, papers for the district court may be deposited in the night depository. Such papers will be considered as having been filed in the district court as of the time and date stamped thereon, which shall be deemed presumptively correct.") Plaintiff filed the instant complaint on December 14, 2007 at 12:00 a.m. by depositing a copy of the complaint in the Court's night depository box. (See Exhibits A and B). The date and time stamps on the Civil Cover Sheet and Complaint of this Court reflect that plaintiff's filing took place on December 14, 2007, not December 13, 2007. (See Exhibits A and B) Plaintiff's filing, therefore, is untimely and barred by the applicable statute of limitations. [1]

---

[1] A copy of an unpublished decision involving the same issue in Galvez v. City of New York, 04 Civ. 0725 (ILG)(E.D.N.Y. Oct. 25, 2004) is annexed hereto.

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, must be granted, as plaintiff's lawsuit is time-barred.

Dated:  New York, New York
        April 28, 2008

MICHAEL A. CARDOZO
Corporation Counsel, City of New York
Attorney for Defendant City of New York
100 Church Street, Room 3-211
New York, New York 10007
(212) 442-8248

By: _____
        Mark D. Zuckerman
        Senior Counsel

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------x
LEE GALVEZ and MERCEDES
GALVEZ,

                Plaintiffs,

     -against-

CITY OF NEW YORK, POLICE,
OFFICER RICHARD BROWN, TAX
REG #918781 and UNIDENTIFIED
NEW YORK CITY POLICE OFFICERS,
EMPLOYEES AND AGENTS,

                Defendants.
---------------------------------------------x

MEMORANDUM AND ORDER
04 CV 0725 (ILG)

OCT 2 6 2004

P.M.
TIME A.M.

GLASSER, United States District Judge:

      In this action brought under 42 U.S.C. § 1983, plaintiffs Lee and Galvez Mercedes

(collectively, "Plaintiffs") allege that on February 20, 2001, they were, among other

things, falsely arrested by New York City police officers, including Richard Brown (the

City of New York and "Brown" are referred to collectively as the "City" or "Defendants")

at their residence.  The City moves to dismiss the Complaint pursuant to Fed. R. Civ. P.

12(b)(6) based on the three year statute of limitations under 42 U.S.C. § 1983.  Plaintiffs

have not submitted any opposition papers to the motion.  For the reasons set forth

below, the City's motion is granted.

## BACKGROUND

      Plaintiffs commenced this action on February 21, 2004.  In the complaint,

Plaintiffs allege that on February 20, 2001, New York city police officers unlawfully

arrested them in front of their home in Queens, New York.  (Compl. ¶ 14).  On that

date, Plaintiffs further contend that the City's police officers destroyed their property, carried out an unlawful eviction, and conspired to deny them their constitutional rights. (Id. ¶¶ 14-20, 41-46). Plaintiffs assert two claims pursuant to Section 1983 predicated on the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

Magistrate Judge Levy of this Court established a briefing schedule for Defendants' motion to dismiss. Pursuant to that schedule, Defendants served their moving papers on July 22, 2004. (Docket Entry Numbers 10-12). Even though Plaintiffs were required to serve their opposition papers on or before August 13, 2004, they did not serve such papers on that date or any date thereafter. By letter dated August 27, 2004, Defendants' counsel informed the Court that Plaintiffs did not serve any opposition papers to Defendants' motion and asked that it be deemed unopposed.

## DISCUSSION

It is well established in New York that a three year statute of limitations applies to causes of action filed under 42 U.S.C. § 1983.[1] See, e.g., Harris v. City of New York, 186 F.3d 243, 247-48 (2d Cir. 1999). Claims, such as those which Plaintiffs assert here – for false arrest, excessive force, unlawful search and conspiracy – begin to accrue on the date of the unlawful conduct, such as the arrest, search or use of force. See, e.g., Pugh v. City of New York, 2002 WL 398804, at *2 (E.D.N.Y. Jan. 15, 2002) (Glasser, J.); Harris, 186 F.3d at 247; Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980).

According to the date stamp on the complaint, Plaintiffs commenced this action

---

[1] The standard governing Defendants' motion under Fed. R. Civ. P. 12(b)(6) is well established. The Court should dismiss the complaint only if it appears beyond doubt that the plaintiffs can prove no set of facts in support of their complaint which would entitle them to relief. See, e.g., King v. Simpson, 189 F.3d 284, 286 (2d Cir. 1999). As set forth below, this standard is met here because Plaintiffs' claims are time-barred.

on February 21, 2004 (at 12:00 am) by depositing the complaint in the Court's night depository box.[2] (Docket Entry Number 1). Therefore, under <u>Greenwood</u>, the complaint is deemed to have been filed on February 21, 2004. This was three years and one day after Plaintiffs assert Defendants' unlawful conduct took place and their causes of action accrued. As such, Plaintiffs' claims are untimely. <u>See, e.g.</u>, <u>Pugh</u>, 2002 WL 398804, at * 2 (dismissing claims under Section 1983 when action was commenced three years and one day later and noting that plaintiff "cannot be heard to complain that it would be unfair to dismiss these claims because his lawsuit was filed one day too late. Numerous courts have granted motions to dismiss where the lawsuit at issue was filed one day beyond the statute of limitations") (citations omitted).

## CONCLUSION

Because Plaintiffs' claims under 42 U.S.C. § 1983 are barred by the statute of limitations, Defendants' motion to dismiss the complaint with prejudice is granted. Accordingly, the Clerk of Court is directed to close this case.

SO ORDERED.

Dated:        Brooklyn, New York
              October 25, 2004.


                                                    I. Leo Glasser

---

[2]In <u>Greenwood v. State of New York, Office of Mental Health</u>, 842 F.2d 636, 639 (2d Cir. 1988), the Second Circuit held that when a complaint is filed in a night depository box maintained by the clerk of court, the filing date for the purposes of the statute of limitation is the day the plaintiff placed the complaint in the depository box as recorded by the date stamper provided by the clerk. <u>See also</u> Local Civil Rule for the Eastern District of New York 1.2 (motion papers filed in the night depository box "will be considered as having been filed in the district court as of the time and date stamped thereon, which shall be deemed presumptively correct").