UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------x

SAMUEL FIGUEROA,                                                   **ECF Case**

                        Plaintiff,              **07 CV 11333 (LAP)(FM)**
                v.

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTION OFFICER F/N/U
SANCHEZ and NEW YORK CITY DEPARTMENT
OF CORRECTION OFFICER JANE DOE 1 and
NYC DEPARTMENT OF CORRECTION OFFICERS
JOHN DOES (1-5) and JANE DOES (2-5),
CAPTAIN JANE DOE (1-5), and CAPTAIN
JOHN DOE (1-5), each individually and
in their official capacities as
Correction Officers, and PRISONER
HEALTH CARE SERVICES,

                        Defendants.
--------------------------------------x

_____

**MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT THE CITY OF NEW YORK MOTION TO DISMISS**

_____

                                        JOANNE M. DWYER, ESQ.
                                        *Attorney for Plaintiff*
                                        Samuel Figueroa
                                        225 Broadway, 41st Floor
                                        New York, New York 10007
                                        (212) 233-0591

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..........................................................................................1

STATEMENT OF FACTS.............................................................................................2

ARGUMENT ……………………………………………………………………………10

    POINT I ……………………………………………………………………………10

        Plaintiff's Complaint was Filed in a Timely Manner and States a Claim
        upon which Relief May be granted………………......………….…….…………

    POINT II ………………………………………………………………………..13

        Plaintiff's Claim for Deliberate Indifference to his continuing Medical
        Needs is Legally Sufficient and independent of the determination of the
        Midnight Hour Issue…………......………………………………….……….…....13

CONCLUSION ........................................................................................................24

## PRELIMINARY STATEMENT

Plaintiff Samuel Figueroa respectfully submits this Memorandum of Law in opposition to defendant's motion to dismiss plaintiff's complaint pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure.   Defendant's motion must be denied since plaintiff has stated several claims upon which relief can be granted.   Furthermore, should the Court decide to treat this as a motion for summary judgment as defendant has annexed exhibits to his declaration, that motion should be denied as well because there are material factual disputes that preclude summary judgment.

Plaintiff brought this action against the City of New York and several New York City Department of Correction Officers that plaintiff identified by their precise assignments at the Anna M. Kross Center ("AMKC") at Rikers Island on the day of the violent inmate upon plaintiff inmate assault occurred and against Prisoner Health Care Services, as well as the individual defendants identified as John Doe, M.D./P.A. (1-2)(medical doctor and physician's assistant) in the Fourth Cause of Action in the body of the Complaint (although the John Doe, M.D. individual defendant was actually named in the statement of facts (Dr. O. Sanusi), although the John Doe, P.A. was not identified; both were erroneously omitted from the caption) for violation of the plaintiff's rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. Section 1983 and the laws of the United States of America.

Plaintiff sought to discover the identities and full name of the New York City Correction Officer defendants prior to the running of the statute of limitations1.

---

1 Defendant City refused to reveal the identities of the Correction Officers, despite the fact that counsel for the New York City Department of Correction indicated that she would make every effort to comply with discovering the

Defendants' motion to dismiss plaintiff's civil rights claims under 42 U.S.C. §1983 should be denied for the reasons stated hereinbelow.

### STATEMENT OF FACTS

As the issue presented by defendant in its motion to dismiss is limited to the issue of the timeliness of the filing of plaintiff's complaint, the plaintiff will include a concise statement of facts:

The plaintiff was incarcerated at the Anna M. Kross Center at Rikers Island on December 13, 2004 as a pre-trial detainee.   Complaint ¶¶ 13, 14.

The plaintiff was forcefully punched in the jaw by one inmate who was joined by another inmate who punched plaintiff in the face again, and then, upon information and belief, numerous other inmates kicked and punched the plaintiff in the A-side clear plexi-glass dayroom area between noon and 2:00 p.m. as he lay prone on the floor, bleeding and unconscious.   Complaint ¶¶ 29, 34, 35, 37, 38.

Plaintiff did not have any warning that this attack would occur, but from his tremendous injuries and what others told him, his beating continued unabated for between three and five very long minutes, with absolutely no intervention by any New York City Correction Officer. Complaint ¶¶ 34, 63.

The plaintiff remained lying on the floor for such a long period of time without any NYCDOC officer coming to his aid that the blood from his injured face, jaw and mouth dried up causing his face to stick to the floor. Complaint ¶¶ 38, 39

---

identities of the John and Jane Doe New York City Correction Officers if she were
ordered to do so by the Court.

From plaintiff's observations, both the A officer, also known as the "Bubble Officer" (whom plaintiff believes is NYCDOC Officer F/N/U Sanchez) and the B officer, who is assigned to patrol the dorms outside the "Bubble" were together in the "Bubble" where the controls are located prior to, during, and after the incident.    Complaint ¶¶ 25, 26, 27, 28.

Neither of them, nor any other officer, used their body alarm, or in any other way, called for help, gave a verbal order, activated an alarm, blew a whistle, or assisted plaintiff in any way whatsoever.    Complaint ¶¶ 64, 65, 66, 67.

When plaintiff was able to get up from the floor and approached the "Bubble" for aid in getting to a doctor, neither officer called for a doctor or escorted plaintiff to the clinic, demonstrating extreme deliberate indifference to his obviously serious injuries; rather, one of the officers in the "Bubble" ordered plaintiff to get a mop and clean up the mess rather than call for medical assistance Complaint.    ¶¶ 42, 43, 44, 45.

When the night captain made her rounds, she told the plaintiff she would allow him to get medical attention, but that did not happen for three more days, and meaningful medical attention did not happen for almost ten days, when he was finally brought to Bellevue hospital with a previously undiagnosed fractured jaw and cheek bones requiring surgery that lasted for approximately eight to ten hours.    Complaint ¶¶ 52, 54, 34, 35, 37, 38.


The Prisoner Health Services Staff, including Dr. O. Sanusi and the physician's assistant, were deliberately indifferent to plaintiff's serious medical needs.    ¶¶ 57, 58, 69(e),

Plaintiff also alleged a municipal policy and practice of allowing violent inmate upon inmate attacks, ignoring gang attacks, never having the officer who witnessed the attack fill out the dInjury to Inmate Report, failure to discipline offending or lax officers, failure to properly train

such officers and medical personnel who care for inmates in the custody of the new York City Department of Correction.   Complaint ¶¶ 59, 61, 62, 72 - 82.


.                                              **ARGUMENT**

**POINT I**

**CONTRARY TO ASSERTIONS BY DEFENDANT, PLAINTIFF HAS STATED SEVERAL CAUSES OF ACTION UPON WHICH RELIEF CAN BE GRANTED AND HAS FILED HIS COMPLAINT IN A TIMELY MANNER**


The Defendant City of New York asserts one reason why the Plaintiff's complaint fails to state a cause of action, that is, that the complaint was not timely filed.

Both parties agree that the summons and complaint was filed in the night depository box maintained by the Clerk of the United States District Court for the Southern District of New York in order to allow 24 hour filing.   Both parties also agree that the time stamp located by the night depository box indicated that the time stamped was precisely midnight, that is, 12:00 a.m.

Plaintiff does not contest that the automated date stamp machine actually imprinted or stamped the date as December 14, 2007, for that is a mechanical fact that is beyond dispute. See Civil Cover Sheet in Court file indicating date time stamp at 12:00.

However, what plaintiff does contest, and believes correctly so, is that the small, grey mechanized date-stamp machine was ever intended to usurp analysis of federal law by human beings trained as judges and attorneys to fairly apply the law to the facts in accordance with accepted principles of law and the English language.

Plaintiff avers that based upon the vast authority of federal law, the meaning of midnight is rather uniformly understood to mean the end of one day and the beginning of the next.   As

plaintiff noted by letter to the Court, this federal analysis comports with the extensive decisional New York State law construction.    Federal cases that directly discuss the meaning of "midnight" and timeliness for statute of limitation purposes are not plentiful.    However, there is enough authority against defendant's mechanistic application of certain selected words of the opinion in the Greenwood v. New York, 842 F.2d 636, 638 (2d Cir. 1988) case, and in support of a more nuanced interpretation of its actual intent and meaning, that plaintiff believes that a motion to dismiss plaintiff's complaint cannot survive judicial scrutiny.

Defendant relies almost exclusively on Greenwood v. New York, *supra*, and an Eastern District decision based upon an unopposed motion to dismiss by the Hon. I Leo Glasser in Galvez v. City of New York, 04 Civ. 0725.

As will be explained, plaintiff avers that the Galvez decision misconstrues the intent of the Second Circuit in its Greenwood decision and urges the Court not to adopt its reasoning.

It is well established that the Court should dismiss the plaintiff's complaint only if it appears that the plaintiff can prove no set of facts in support of their complaint that would entitle him to relief.    Plaintiff believes that he can prove that he is entitled to relief because the date that accompanies a mechanized time-stamped hour indicating the date of the day following the "midnight" hour creates only a rebuttable presumption that the date as stamped is correct.    See In Re Bryan, 261 B.R. 240 ADV #: LA 00-01429-TD (9th Cir. 2001) for discussion on presumptions.    See also, Local Civil Rule 1.2. Clerk's Office ("After regular business hours, papers for the district court only may be deposited in the night depository.    Such papers will be considered as having been filed in the district court as of the time and date stamped thereon, which shall be deemed presumptively correct."); Weinstein and Berger, "Weinstein's Evidence," Article 3, Presumptions, and §301.02.

The Second Circuit <u>Greenwood</u> opinion noted that pursuant to General Rule 1(a), the Clerk of the Court for the Southern District of New York voluntarily maintains and makes available to litigants a night depository box without any legal requirement that it do so. Because it does so and because the Court retains exclusive control over the night depository box for the precise purpose of receiving papers 24 hours a day, and since filing was previously defined to mean "delivery [of papers] into the actual custody of the proper officer, designated by statute," citing <u>In re Gubelman</u>, 10 F.2d 926 929 (2d Cir. 1925), papers placed in the night depository are filed with the Clerk.

In Greenwood, the complaint was placed in the night depository box according to the date and time stamper, at 5:25 p.m. The Court stated that "unless there is some reason to believe otherwise, we must <u>presume</u> that papers placed in the night depository box have been delivered to the Clerk as of the date and time stamped thereon." The Court reasons that it would make virtually no sense to disregard the actual time of delivery after establishing a careful <u>procedure</u> to stamp it.    <u>Greenwood</u>, supra at 639 (emphasis added).

Circuit Judge Miner also indicated that Dr. Greenwood's counsel wrote in his brief, and defendant did not controvert the allegation, that other judges in the Southern District routinely deny motions to dismiss based upon the issue presented in the case.

The Court then evoked the overarching concept that guides interpretation of the federal rules and the trial court's use of its discretion:    "While not determinative, it is persuasive that a strict application of the Rule in this case would be "***inequitable.***" (emphasis added).    <u>Id</u>. at 639.

The <u>Greenwood</u> decision did not involve consideration of the issue of whether the date stamp machine's automatic use of the date of the day following the midnight hour was determinative of the issue of whether the complaint was timely filed for statute of limitation

purposes.

The situation of the midnight hour is different from any other possible time within the 24 hours that comprise a day.  As noted in other cases previously cited by plaintiff's counsel's letter to the Court, under New York State rules of construction and by statute, midnight is <u>both the beginning and the end of the day</u>.  Military time allows for the use of either 24:00 or 00:00 to indicate "midnight."  One Suffolk County decision stated that in common English usage, midnight is more often thought of as being the end, rather than the beginning of the day.

To argue that because the time stamp machine cannot issue both dates to go along with the <u>midnight</u> time stamp, and because as a matter of administrative practice, the Clerk of the Court uses the date printed out by the date and time stamp machine, does not mean that a United States District Court Judge cannot utilize the federal law to interpret the appropriate meaning to be accorded the moment of "midnight."

There is a preference for deciding cases on the merits.

Numerous decisions in federal cases have presumed the identical interpretation used by New York State applies to federal law interpretation of midnight and the actual counting of days. In <u>Petersen v. Federated Development Co.</u>, 416 F.Supp. 466, No. 73 Civ. 5465 (CSH), U.S. District Judge Haight stated the common rule that "When the period allowed for doing an act is to be reckoned from the making of a contract, or the happening of any other event, the day on which the event happened may be . . . excluded from the computation."  (citing <u>Burnet v. Willingham Loan & Trust Co.</u>, 282 U.S. 437, 439, 51 S. Ct. 185,186, 75 L. Ed. 448 (1933). The Court provided an example, "assuming then that day one of the ten day period is September 20, defendants by setting the expiration for September 29 at **midnight**, complied with the 10 day period."  <u>Petersen </u>at West page 476.

Regarding construction of timeliness and human error (not to mention time and date machine error, or simply insufficiently detailed accuracy), see Wight v. Bankamerica Corp., 219 F. 3d 79, No. 99-7718 (2d Cir. 2000).

Moreover, Stella v. Graham-Paige Motors Corp., 132 F. Supp. 100 (S.D.N.Y 1955), remanded on other grounds, 232 F.2d 299 (2d Cir.), cert. denied, 352 U.S. 831, 77 S.Ct. 46, 1 L. Ed.2d 52 (1956), used language as follows:

 ". . . Graham-Paige [the defendant] construes the words 'period of less than six months' to mean a period the first and last days of which each include the twenty-four hours from midnight to midnight, and the last day of which is the second day prior to the date corresponding numerically to that of the first day of the period in the sixth succeeding month….That construction is correct." 132 F. Supp. At 103-104. (emphasis added).   See also, Morales v. Walt Disney Productions, 361 F. Supp. 1157, No. 73-1267 (S.D.N.Y. 1973) (The Court stated that the phrase "within six months before or after the date of sale means exactly what it says. . . . Within six months before the date of sale means a period of six full months ending at mid-night on the date of sale.")(emphasis added).

Based upon the cited cases, plaintiff respectfully disagrees with the interpretation given to 12:00 by the Eastern District Court decision cited by defendant.

The point is that federal courts have for decades, and even centuries, used the concept of midnight to midnight in characterizing the period of time we identify as a day.

Plaintiff respectfully requests that the Court continue to honor this tradition and to use discernment and not fundamentalism or literalism to the point that the Court feels constrained to follow the assignations of the automatic time and date stamper machine when it comes to conceptually analyzing a legal issue.

The full dignity of the federal judiciary should not be so undermined as to allow its years of historic case determinations to be usurped by a mere machine, without the ability to begin to comprehend the "midnight" issue.    Perhaps some computers may be imbued with such intelligence in the future, but in my humble opinion, the date and time stamper currently in use at the United States District Court for the Southern District of New York does not hold a candle to the collective mind of the federal judiciary.

**POINT II**

**Plaintiff's Claim for Deliberate Indifference to his continuing Medical
Needs is Legally Sufficient and Independent of the
<u>Determination of the Midnight Hour Issue</u>**

Based upon the foregoing, the plaintiff believes that the only fair interpretation of the date-stamp indicating that the plaintiff's complaint was filed at "12:00 a.m. on December 14, 2007, is that 12:00 midnight includes the end of December 13, 2007, and that the plaintiff's complaint was filed timely and states several causes of action upon which relief may be granted.

## CONCLUSION

For the foregoing reason, Plaintiff SAMUEL FIGUEROA respectfully requests that this

Court deny Defendant CITY OF NEW YORK's motion to dismiss plaintiff's civil rights claims

under 42 U.S.C. § 1983, together with such costs, fees, and other and further relief as to this Court

seems just and proper.

Dated:   New York, New York
       May 27, 2008

Respectfully submitted,

/s Joanne M. Dwyer

_____
JOANNE M. DWYER (JD9852)
Attorney for Plaintiff
SAMUEL FIGUEROA
225 Broadway, 41st Floor
New York, New York 10007
(212) 233-0591