```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/4/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
SAMUEL FIGUEROA,             :
                             :
            Plaintiff,       :     07 Civ. 11333 (LAP)
                             :
      v.                     :     MEMORANDUM & ORDER
                             :
CITY OF NEW YORK, et al.,    :
                             :
            Defendants.      :
                             :
------------------------------x

LORETTA A. PRESKA, U.S.D.J.:

On December 13, 2004, Plaintiff Samuel Figueroa was allegedly injured by a group of inmates in a dayroom at the Rikers Island Correctional Facility. (See Compl. ¶¶ 31-38.) He seeks damages for the injuries he sustained as a result of that assault in a complaint alleging violations of 42 U.S.C. § 1983 and § 1988. In the morning hours of December 14, 2007, counsel for Plaintiff deposited that complaint in the night depository box of the Clerk of the Court for the United States District Court for the Southern District of New York. The complaint was date/time stamped 12:00 a.m. December 14, 2007. (See Dwyer Decl.[1] Ex. 1 (Date/Time-Stamped Civil Coversheet).) Defendant the City of New York moves now to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for

---

[1] Reference is to the Declaration in Opposition to Motion to Dismiss, sworn to by Joanne M. Dwyer on May 27, 2008.

failure timely file within the prescribed statute of limitations.

Taking as true all factual allegations in the complaint, see Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993), and affording the plaintiff every reasonable inference, see Zinermon v. Burch, 491 U.S. 113, 118 (1990), a motion to dismiss shall be granted only if a complaint does not allege sufficient facts to suggest that its claim to relief is plausible. See Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).  Of course, that standard is met, and, thus, a motion to dismiss may be granted, where the underlying claim is time barred by a statute of limitations. See Cantor Fitzgerald v. Lutnick, 313 F.3d 704, 706-707 (2d Cir. N.Y. 2002).  In New York, the three-year statute of limitations applicable to personal injury actions also applies to § 1983 claims and runs from the date the plaintiff had reason to know of his injury. See, e.g., Connolly v. McCall, 254 F.3d 36, 40 (2d Cir. 2001).  It is undisputed that the alleged assault in this action gave Plaintiff clear notice of his injury on December 13, 2004.  Consequently, Plaintiff's claims are time barred if his complaint was not filed on or prior to December 13, 2007.

Local Civil Rule 1.2 establishes the Clerk of the Court's depository for papers filed after regular business hours and

2

provides that such papers "will be considered as having been filed in the district court as of the time and date stamped thereon, which shall be deemed presumptively correct." See Greenwood v. State of New York Office of Mental Health, 842 F.2d 636, 639 (2d. Cir. 1988). Though the date/time stamp in this case reads December 14, 2007 at 12:00 a.m., counsel for Plaintiff contends that the complaint was in fact filed on December 13, 2007, because "midnight is both the beginning and the end of the day." (Pl.'s Opp'n 9.)  She also invokes the stated preference in this district of deciding cases on the merits, see, e.g., Mejia v. Castle Hotel, Inc., 164 F.R.D. 343, 346 (S.D.N.Y. 1996), to further her position that the complaint should be considered timely filed (see Pl.'s Opp'n 9).

I conclude that the complaint was not timely filed.  In so concluding, I decline Plaintiff's counsel's schizophrenic interpretation of midnight.  Interesting philosophical debate to the side, in reality, there must come a point where one day ends and the next day begins.  Common sense dictates, and the Clerk's date/time stamp confirms, that that point occurs precisely at 12:00 a.m., and, consequently, Plaintiff's complaint in this action was filed in the very first moments of December 14, 2007. Though the Court is sensitive to Plaintiff's tantalizing proximity to timeliness, it goes without saying that I cannot extend the statute of limitations, even by one minute. See,

3

e.g., Day v. Morgenthau, 909 F.2d 75, 79 (2d. Cir. 1990); Galvez v. City of New York, No. 04 Civ. 0725, slip op. at 3 (E.D.N.Y. Oct. 25, 2004) (holding complaint was filed on February 21, 2004 because the date/time stamp read February 21, 2004 12:00 AM). Indeed, any hesitation I may have harbored in so concluding is lessened by the realization that Plaintiff had 94,607,999 other such moments in which to file his complaint. He did not and now must live with the consequences.

III. CONCLUSION

For the reasons stated above, defendant's motion to dismiss [dkt. no. 8] is GRANTED. The Clerk of the Court shall mark this action closed and all pending motions denied as moot.

SO ORDERED
Dated:    September 4, 2008
          New York, New York

*Loretta A. Preska*
LORETTA A. PRESKA, U.S.D.J.

4